# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 25-1122**
            **September Term, 2025**

FILED ON: MAY 8, 2026

JANE DOE,
            PETITIONER

v.

SECURITIES AND EXCHANGE COMMISSION,
            RESPONDENT

---

On Petition for Review of an Order
of the Securities and Exchange Commission

---

Before: MILLETT, WILKINS, and KATSAS, *Circuit Judges*

## J U D G M E N T

This petition for review was considered on the record and the briefs. The Court has fully considered the issues and determined that a published opinion is unwarranted. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is hereby

**ORDERED AND ADJUDGED** that the petition for review be denied.

The Dodd-Frank Wall Street Reform and Consumer Protection Act authorizes awards for whistleblowers who provide the Securities and Exchange Commission with information regarding securities laws violations. Pub. L. No. 111-203, § 922(a), 124 Stat. 1376, 1841–48 (2010) (codified at 15 U.S.C. § 78u-6). To qualify as a whistleblower, one must have provided information "to the Commission, in a manner established" by its rules. 15 U.S.C. § 78u-6(a)(6). And for the whistleblower to receive an award, the information must have "led to" a successful enforcement action. *Id.* § 78u-6(b)(1). By rule, the SEC has laid out when information could have "led to" such an action. *Securities Whistleblower Incentives & Protections*, 76 Fed. Reg. 34,300, 34,324–27, 34,359 (June 13, 2011). The rule requires the whistleblower to have submitted information directly to the SEC. 17 C.F.R. § 240.21F-4(c)(1)–(3). In particular, if a whistleblower reports information to her company's internal compliance officials, she must also provide "the same information" to the SEC within 120 days of her internal report. *Id.* § 240.21F-4(c)(3).

Jane Doe filed an internal complaint alleging misconduct by her employer. In turn, the company reported the allegations to the government. The SEC investigated and recovered a penalty against the company.

After the recovery, Doe submitted her allegations to the SEC. She petitioned for a whistleblower award on the ground that her internal complaint had set off a chain of events culminating in the successful enforcement action. The SEC denied the claim because Doe had not directly submitted the relevant information to the Commission beforehand at all, and certainly not within 120 days of filing her internal complaint. The agency also rejected Doe's request for an exemption from the 120-day deadline because she had failed to provide information to the Commission at any time during its investigation. Doe petitioned this Court for review pursuant to 15 U.S.C. § 78u-6(f).

Doe seeks to press two unpreserved arguments. First, she contends that 17 C.F.R. § 240.21F-4(c), which sets forth when information could have "led to" a successful enforcement action, impermissibly narrows the governing statutory requirement in 15 U.S.C. § 78u-6(b)(1). Second, Doe argues that holding her to the regulatory standards violates due process because she lacked knowledge of the need to report information to the SEC directly. Doe's failure to raise these arguments before the SEC prevents us from considering them here. *Id.* § 78y(c)(1); *Springsteen-Abbott v. SEC*, 989 F.3d 4, 7 (D.C. Cir. 2021).

Doe did preserve her contention that the SEC abused its discretion in not exempting her from the regulation, but this argument fails on the merits. Congress has authorized the Commission to "exempt any person" from regulations "to the extent that such exemption is necessary or appropriate in the public interest, and is consistent with the protection of investors." 15 U.S.C. § 78mm(a)(1). When an agency declines to waive its rules, our review is "highly deferential." *Universal City Studios LLLP v. Peters*, 402 F.3d 1238, 1242 (D.C. Cir. 2005). In particular, we set aside such a denial "only when the agency's reasons are so insubstantial as to render that denial an abuse of discretion." *Id.* (cleaned up). Here, the SEC's denial decision is not an abuse of discretion. Its reasoning—directly keyed to the statute's explicit demand that a whistleblower provide information *to the SEC*—is in no way insubstantial. Doe also contends that the SEC has granted exemptions in analogous scenarios. But in all of the cited cases, successful claimants had submitted information directly to the SEC prior to the relevant enforcement action. In contrast, Doe never submitted any information to the SEC before it took the enforcement action and recovered the penalty here.

For these reasons, we deny the petition for review. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**<u>Per Curiam</u>**

FOR THE COURT:
Clifton B. Cislak, Clerk

BY: /s/
   Daniel J. Reidy
   Deputy Clerk